**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**PIERRE BELL, #23746-009**                                               **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 5:09-cv-214-DCB-MTP**

**UNITED STATES OF AMERICA and**
**WARDEN OF FCC YAZOO CITY**                                       **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Bell, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on December 18, 2009. Upon review of the Petition [1], Memorandum in Support [2], and Response [8], filed by Petitioner Bell, the Court has reached the following conclusions.

<u>Background</u>

Petitioner was convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Eastern District of Arkansas. <u>U.S. v. Bell</u>, 4:05-cr-154-SWW-1 (E.D. Ark. June 30, 2006). Petitioner states that he was sentenced to concurrently serve 144 months for the § 841 conviction and 120 months for the § 922 conviction, consecutive to 60 months for the § 924 conviction.[1] On February 18, 2007, after Petitioner's case was remanded for re-sentencing, the District Court imposed sentences identical to his

---

[1] Petitioner was also sentenced to a eight- year term of supervised release.

original sentences. Further, on September 8, 2008, Petitioner states he received a 24 month sentence reduction on his crack cocaine conviction, pursuant to 18 U.S.C. § 3582 (c)(2). Petitioner states that he has not filed a motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255. Resp. [8], p.1.

> Petitioner's asserts the following grounds for habeas relief in this Petition:
>
> (1) Bell's 18 U.S.C. § 924(c)'s 60 months term of imprisonment is based on a non-existent federal offense - an act that the law does not make criminal, namely: possession of a firearm during and in relation to a drug trafficking offense.
>
> (2) The sentencing court, by authorizing a conviction for a non-existent offense and failing to specify precisely how Bell is alleged to have violated § 924(c), has adversely and prejudicially affected Bell's substantial rights constituting reversible plain error.

Mem. in Supp. [2], p. 6, 12. As relief, Petitioner is requesting that this Court "vacate the 18 U.S.C. § 924(c) conviction under which petitioner was punished for the non-existent offense of 'possession of a firearm during and in relation to a drug trafficking offense' - an act that the law does not make criminal." Pet. [1], p.5.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. INS, 106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed.

Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990)). Furthermore, "a petition for a writ of habeas corpus pursuant to section 2241 is not a substitute for a motion under section 2255." Pack, 218 F.3d at 452 (citations omitted). Thus, the Court does not have jurisdiction pursuant to 28 U.S.C. § 2241 to address the constitutional issues presented by Petitioner Bell, because his claims clearly regard the actual validity of his conviction for possession of a firearm during a drug trafficking crime and resulting sentence. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[2] Petitioner must demonstrate that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention" to proceed under the "savings clause." In order to satisfy the stringent "inadequate or ineffective" requirement, Petitioner's claim must be based on a retroactive Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the Petitioner's trial, appeal, or first § 2255 motion. Id. at 904. Furthermore, Petitioner "bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452.

---

[2] 28 U.S.C. § 2255: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*."

Petitioner claims that he should be allowed to proceed with his claims under the "savings clause" because "the U.S. Supreme Court's 'exceptional circumstance' precedent established in Davis v. United States, 417 U.S. 333 (1974), has the force of stare decisis and thus overrules the savings clause requirement." Mem. in Supp. [2], p.5. The Fifth Circuit was well aware of the Davis case when the opinion in Reyes- Requena was decided.[3] This Court is bound by the precedent of the Fifth Circuit, which does not find that the savings clause requirement has been "overruled" by the 1974 Davis case. Thus, Petitioner's argument that Davis "overrules the savings clause" is without merit.

As stated above, Petitioner's attempt to meet the savings clause requirements, at best is based on the United States Supreme Court decision of Davis v. United States, which was issued in 1974. Petitioner was convicted and sentenced over thirty- years after the Davis decision was handed down. As such, this United States Supreme Court case was not "foreclosed by circuit law" at the time for Petitioner's direct appeal or a first § 2255 motion. See, e.g., Thomas v. BOP, 37 Fed. App'x 712 (5th Cir.2002)(Petitioner's reliance on a United States Supreme Court opinion that was available at his sentencing and on direct appeal fails to meet the "savings clause" requirements). Therefore, Petitioner's claims do not meet the stringent requirements of the "savings clause" and he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As explained above, § 2241 is not the proper forum to assert Petitioner's claims and he

---

[3] The Fifth Circuit cited the Davis case several times in the Reyes-Requena opinion. Reyes-Requena, 243 F.3d at 901 n.18, 904-05.

has not met the requirements to proceed under the "savings clause." Therefore, this Petition shall be dismissed as frivolous and to the extent that the Petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction, with prejudice. See Ojo v. INS,106 F.3d 680, 683 (5th Cir.1997).

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the  12th   day of April, 2010.


                                               s/David Bramlette
                                                UNITED STATES DISTRICT JUDGE